J-S45027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CESAR AUGUSTA FERNANDEZ | |
| Appellant | No. 74 MDA 2015 |

Appeal from the PCRA Order of December 15, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003598-2005

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 21, 2015**

Cesar Augusta Fernandez appeals the December 15, 2014 order that dismissed his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA Court provided the following summary of the procedural history of this case:

> Following a jury trial, which concluded November 15, 2006, [Fernandez] was convicted by a jury of the following: Count 3, Murder of the Third Degree, 18 Pa.C.S.A. § 2502(c); Count 4, Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(1); Count 5, Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(3); Count 6, Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4); Count 7, Conspiracy to Deliver (cocaine), 18 Pa.C.S.A. § 903(a)(1)(2); Count 8, Possession of a Controlled Substance (cocaine), 75 P.S. § 780-113(a)(16); Count 9, Possession of a Controlled Substance with Intent to Deliver (cocaine), 75 P.S. § 780-

---

[*]    Former Justice specially assigned to the Superior Court.

113(a)(30); and Count 10, Criminal Use of a Communications Facility, 18 Pa.C.S.A. § 7512. On January 24, 2007, [Fernandez] was sentenced to [an aggregate term of twenty-three and one-half to forty-seven years in prison].

On February 2, 2007, [Fernandez], through his attorney, Todd Henry, Esquire, filed an appeal with the Superior Court of Pennsylvania, raising claims of insufficient evidence as to the Third Degree Murder and Corrupt Organizations charges; and a claim of error related to an uncharged predicate act contained on the verdict slip. The Superior Court affirmed the judgment of sentence. *Commonwealth v. Fernandez*, 216 MDA 2007 (Pa. Super. April 11, 2008). Review by the Pennsylvania Supreme Court was not sought. Therefore, [Fernandez'] judgment of sentence became final on [May] 12, 2008.

On October 14, 2008, [Fernandez] timely filed a *pro se* Motion for Post-Conviction Collateral Relief pursuant to 42 Pa.C.S.A. § 9541 *et seq*. On October 22, 2008, J. Allen Daringer, Esquire, was appointed to represent [Fernandez] in matters relating to post-conviction relief. Attorney Daringer was ordered to file an amended PCRA petition or, in the alternative, file a "No Merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), detailing the reasons [Fernandez'] claims have no merit and this Court should allow counsel to withdraw. On November 25, 2008, this Court granted Attorney Daringer an extension of time in which to file. On January 27, 2009, an additional sixty (60) day extension was granted. On March 27, 2009, Attorney Daringer filed a timely "Amended Post-Conviction Relief Act Petition." On April 20, 2009, [the PCRA court] filed a Notice of Intent to Dismiss. On May 8, 2009, [Fernandez] filed a *pro se* motion for an extension of time to file an amended petition. On May 13, 2009, said motion was denied. On May 15, 2009, the Petition for Post Conviction Relief was denied as it was the [o]pinion of [the PCRA court] that there were no genuine issues of material fact, [Fernandez] was not entitled to post conviction relief, and no purpose would be served by further proceedings.

[Fernandez] filed a second petition, *pro se*, on February 22, 2013. On March 21, 2013, [the PCRA court] filed a Notice of Intent to Dismiss the petition based on the petition being untimely and [Fernandez] failing to allege any exceptions to the PCRA time bar. Following [Fernandez'] response, which was filed

April 10, 2013, the [PCRA court] dismissed [Fernandez'] petition by order on April 22, 2013. [Fernandez] timely appealed the dismissal order by filing a Notice of Appeal on May 9, 2013. The Superior Court opined that [Fernandez] alleged sufficient facts to be entitled to a hearing on the issue and remanded this matter for an evidentiary hearing to determine whether [Fernandez] exercised due diligence in discovering whether PCRA counsel abandoned him. ***Commonwealth v. Fernandez***, 832 MSA 2013 (Pa. Super. Jan. 15, 2014). Upon receipt of the record, [the PCRA court] appointed new PCRA counsel and the evidentiary hearing was held on August 5, 2014. Thereafter, the parties were ordered to file briefs. On December 17, 2014, [the PCRA court] denied the instant petition because [Fernandez] failed to carry his burden to show that he exercised due diligence as required under the exceptions to the time bar upon which he was relying. [Fernandez] filed a Notice of Appeal on January 9, 2015. [The PCRA court] ordered [Fernandez] to file a concise statement of errors complained of on appeal [pursuant to Pa.R.A.P. 1925(b),] which he filed on January 30, 2015.

PCRA Court Opinion ("P.C.O."), 3/3/2015, at 1-3 (footnotes omitted, citations modified). The court filed a Pa.R.A.P. 1925(a) opinion on March 3, 2015.

Fernandez raises two issues for our review:

1. Whether the Trial Court erred in not determining that [Fernandez] was "abandoned" by his former PCRA counsel?

2. Whether the Trial Court erred in finding that [Fernandez] failed to exercise due diligence in discovering or determining that his prior court-appointed PCRA counsel abandoned him?

Fernandez' Brief at 2.

Our standard of review is well-settled:

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Smith***, 995 A.2d 1143 (Pa. 2010). The PCRA court's findings will

not be disturbed unless there is no support for the findings in the certified record. ***Id.***

***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations modified).

Both of Fernandez' issues relate to the invocation of an exception to the PCRA time bar. As a jurisdictional requirement, we must determine whether his PCRA petition was filed timely.

> Our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1267–68 (Pa. Super. 2008) (citation omitted); ***see Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (holding no court has jurisdiction to hear an untimely PCRA petition). It is well settled that "[a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008) (citations, quotations, and quotation marks omitted). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Garcia***, 23 A.3d at 1061-62 (footnote omitted; citations modified).

Instantly, Fernandez' direct appeal was decided by this Court on April 11, 2008. He did not seek review in our Supreme Court. Therefore, his judgment became final when the time in which he could have sought review

expired, on or about May 12, 2008.[1]  To be filed timely, any PCRA petition would have had to be filed on or before May 12, 2009.  The instant PCRA petition was filed on February 22, 2013, and thus, was facially untimely.

However, untimeliness is excused when the petitioner pleads and proves one of the three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  Additionally, to be timely pursuant to one of these exceptions, the PCRA petitions must be filed "within sixty days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

In his petition, Fernandez invoked the second exception.  He pled that he was never informed that his first PCRA had been dismissed and that his attorney did not file an appeal.  He alleged that he inquired about the status of his petition from Attorney Daringer, but had received no response and

---

[1]  The thirtieth day, May 11, 2008, fell on a Sunday.  Therefore, Fernandez had until Monday, May 12, 2008, to file for review in the Supreme Court.  **See** 1 Pa.C.S.A. § 1908.

- 5 -

therefore, concluded that the petition was still pending. Fernandez asserted that he did not learn that the petition had been dismissed and that no appeal had been filed until January 2013. PCRA Petition, 2/22/2013, at 3, 7. Fernandez argues that this amounted to attorney abandonment, which qualified for the "newly discovered evidence" exception to the PCRA time bar. Fernandez' Response to Court's Notice of Intent to Dismiss, 4/10/2013.

Our Supreme Court has held that attorney abandonment may constitute a newly discovered fact sufficient to invoke that exception. However, the petitioner must still demonstrate the he or she could not have discovered the fact sooner through the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). The PCRA court found that Fernandez did not exercise due diligence and did not file his petition within sixty days of learning that an appeal had not been filed. It found as follows:

> [B]y his own admission, [Fernandez'] Exhibit No. 8, admitted into evidence at the evidentiary hearing on August 5, 2014, shows that [Fernandez] himself filed, a *pro se* application for relief in the Superior Court on May 17, 2010 and that, on June 25, 2010, [Fernandez] was informed directly by the Superior Court that he had no appeal pending before that Court. [Fernandez] had 60 days from that date to file under the "unknown fact" exception, as it was from that point that he should have known that no appeal was filed by his PCRA counsel. He could have verified this fact by obtaining the public records, which he obviously knew how to do, as he ultimately did check the official court dockets. Nonetheless, he did not do that within the 60 day time limit. Neither did he file this PCRA petition by August 25 of 2010. Obviously, he knows how to file a PCRA petition, as this is the second one he filed *pro se*. Thus, since [Fernandez] failed to establish "due diligence" in order for the

second exception to apply, this court lacks jurisdiction to entertain [Fernandez'] second post conviction petition.

T.C.O. at 5.

Fernandez responds that the June 2010 letter from this Court did not start the sixty-day clock because he was still unaware that his PCRA petition had been denied. Fernandez argues that the June 2010 letter could have meant that no appeal had been filed because the PCRA petition was still pending in the Court of Common Pleas. Fernandez' Brief at 19.

Based upon the record before us, we must conclude that Fernandez did not exercise due diligence. "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Here, the record supports the conclusion that Fernandez wrote and called Attorney Daringer on multiple occasions in 2009 and 2010. Further, Fernandez corresponded with the PCRA court in 2009 and 2010 in an attempt to receive information on the status of his PCRA petition. However, after his June 2010 correspondence with this Court, Fernandez made no further efforts until January 2013. Fernandez has offered no explanation as to why he took no steps to investigate the status of his petition during that two-and-one-half year period. Therefore, we cannot conclude that Fernandez took reasonable steps to protect his interests.

Further, even if Fernandez had attempted to provide an explanation, the denial of his petition was public record. The courts of this Commonwealth have made clear that matters of public record are not "unknown" for the purposes of the exception to the PCRA time bar. *See* *Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) ("[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record."); *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012); *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006) ("[F]or purposes of 42 Pa.C.S. § 9545(b)(1)(ii), information is not 'unknown' to a PCRA petitioner when the information was a matter of public record."); *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007).

Because Fernandez did not prove that the newly discovered fact exception applies, his PCRA petition was untimely. Therefore, neither the PCRA court nor this Court has jurisdiction to entertain its merits and we must affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

- 8 -